IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| THE HUNTINGTON NATIONAL BANK, as successor in interest to Unizan Bank and United National Bank & Trust Co., | : : : : : | Case No. 06-CV-933 |
| | | JUDGE MARBLEY |
| Plaintiff, | : : | Magistrate Judge Kemp |
| v. | : : | |
| MAXFLY AVIATION, INC. and DONALD E. LEWANDOWSKI, Jr., | : : : | |
| Defendants. | | |

**OPINION AND ORDER**

**I. INTRODUCTION**

This matter is before the Court on Plaintiff's Motion to Dismiss due to improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1447(c).  Plaintiff asks this Court to remand this action to the state court based on a forum selection clause in the parties' contracts.  For the reasons stated herein, Plaintiff's Motion to Dismiss is **DENIED**.

**II. BACKGROUND**

On September 27, 2006, Plaintiff filed this action in Franklin County Common Pleas Court.  In its complaint, Plaintiff avers that its predecessors in interest and Defendants executed certain Aircraft Security Agreements ("Agreements") with accompanying promissory notes (the "Notes") and subsequent modifications ("Modifications" and collectively "the Loan Documents").  In the Loan Documents, Plaintiff's predecessors agreed to lend Defendants certain sums of money.  In exchange, Defendants agreed to repay the loan over time.  Defendants

also pledged certain "personal property" as collateral for the loan.  In its complaint, Plaintiff asks the Court for "judgment on the notes."

On November 7, 2006, Defendants removed this action from state court to federal court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).  On November 28, 2006, Plaintiff filed this Motion to Dismiss, claiming that a forum selection clause in the Loan Documents makes venue improper in any forum aside from the state courts of Franklin County.  The forum selection clause, specifically contained in the Modifications, reads:

> 8. <u>Choice of Venue</u>. If there is a lawsuit, Guarantor agrees upon the Bank's request the courts of Franklin County, State of Ohio.[1]

Defendants have responded and this Motion is now ripe for the Court's consideration.

### III.  ANALYSIS

A motion to dismiss for improper venue is not sufficient to defeat removal in this case.  Neither party disputes that Franklin County is the correct venue for this action.  Rather, Plaintiff asserts that the forum selection clause in the Loan Documents mandates that this action be litigated in state, and not federal, court.  If venue is proper, a party may not defeat removal on the basis that a forum selection clause prescribes an alternate venue for the litigation.  *Kerobo v. Southwestern Clean Fuels, Corp.*, 285 F.3d 532, 535 (6th Cir. 2002).

In *Kerobo*, the parties executed a contract that contained a venue provision that read:

> This agreement shall be interpreted, construed and governed by the laws of the State of California. Jurisdiction for any action for breach, damages or default shall be within the County of Orange, State of California.

*Id.* at 533-34

---

[1] Defendant is the Guarantor and the Bank is Plaintiff's predecessor in interest.

The plainitiff filed a breach of contract action in Michigan state court and the defendant removed it to the United States District Court for the Eastern District of Michigan. *Id.* The Sixth Circuit concluded that venue in removal cases is governed solely by 28 U.S.C. § 1441(a), which states:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

*Id*.

The Sixth Circuit concluded that the defendant properly removed the action pursuant to 28 U.S.C. § 1441(a). After recognizing that a Circuit split existed on the issue, the Sixth Circuit held that an action could not be dismissed for improper venue under Rule 12(b)(3) if it was properly removed under 28 U.S.C. § 1441(a), notwithstanding the existence of a forum selection clause in the contract. *Id.* at 535. Whether a forum-selection clause is enforceable should not be decided in "the context of the venue statutes and proper versus improper venue." *Id*. at. 536.[2]

This case is analogous with *Kerobo*. Plaintiff originally filed this action in state court and Defendant properly removed it pursuant to 28 U.S.C. § 1441(a) based on diversity of

---

[2]*Kerebo*, however, does not prevent a party from seeking to enforce a forum selection clause through other means. *See, e.g.*, *Licensed Practical Nurses, Technicians and Health Care Workers of New York, Inc*. v. *Ulysses Cruises, Inc.*, 131 F. Supp. 2d 393, 409 (S.D.N.Y. 2000) (holding that although a party may not succeed on a Rule 12(b)(3) motion based on a forum selection clause if venue is otherwise proper, he may move for transfer of venue under 1404(a) or ask the court to dismiss for other reasons: "such dismissal may be based either on the court's inherent power to decline jurisdiction, by analogy to the traditional doctrine of forum non conveniens, or on the power under Rule 12(b)(6) to dismiss an action for failure to state a claim.").

citizenship.  Neither party disputes that venue is proper in Franklin County.  This Court sits in Franklin County.  Rather, Plainitiff, relying on Federal Rule of Civil Procedure 12(b)(3), asserts that venue is improper due to the forum-selection clause which allegedly mandates that any action arising under the Loan Documents be brought in Ohio state court.   The Sixth Circuit, however, concluded that a Rule 12(b)(3) motion based on a forum section clause is improper.  *Id*. at 535.   Thus, Plaintiff's Motion is without merit.

### IV.  CONCLUSION

For the forgoing reasons, Plainitiff's Motion to Dismiss is **DENIED**.

**IT IS SO ORDERED.**

    s/Algenon L. Marbley
**ALGENON L. MARBLEY**
**United States District Court Judge**

**DATED: September 24, 2007**